UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SJB GROUP, LLC AND | : | |
| CATLIN INSURANCE CO., INC. | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 12-181-SDD-RLB |
| | : | |
| TBE GROUP, INC. | : | |

### ORDER

This matter is before the court on a referral by the District Court of defendant's motion to compel the Rule 30(b)(6) deposition of plaintiff Catlin Insurance Co., Inc ("Catlin") and to compel plaintiff SJB Group, LLC ("SJB") to produce certain records requested by the defendant (rec. doc. 25). The Motion is opposed (rec. doc. 26).

*Procedural Background*

This matter was initiated by a complaint filed on March 28, 2012 (rec. doc. 1). On August 10, 2012, the court entered a scheduling order setting forth certain deadlines governing discovery in this matter (rec. doc. 19). These deadlines were based on those submitted by the parties in their Status Report filed on July 26, 2012 (rec. doc. 18). The scheduling order set a deadline of February 22, 2013 for the filing of all discovery motions and completing all discovery except experts. The deadline for dispositive motions was set for June 7, 2013.

Certain deadlines in the scheduling order were extended based on a request by the parties and following a conference with the court (rec. docs. 21-24). Multiple deadlines were extended. Relevant to the instant motion is that the fact discovery deadline was extended to April 1, 2013.

On April 1, 2013, the last day of fact discovery, the Defendant filed the instant Motion to Compel.

*Motion to Compel the Deposition of Catlin*

The Motion to Compel seeks the deposition of Catlin by way of a designated representative. The parties agree that this was scheduled to occur within the existing discovery deadlines. This deposition was noticed by the Defendant in both draft form and final form prior to the expiration of fact discovery in March of 2013. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, seven matters were noticed in both the draft and final notices (rec. docs. 26-1 and 26-2). The parties also agree that the deposition was scheduled to take place on April 1, 2013. Shortly before the deposition, however, an unexpected and personal tragedy occurred that resulted in the designated deponent being unable to attend.

Catlin has agreed to either make that deponent available when the circumstances permit or to identify another corporate representative that could testify to the same subject matter (rec. doc. 26 at 5) ("[Plaintiffs] would like to assure the Court that it will produce Catlin's FRCP Rule 30(b)(6) corporate representative").[1]

On April 1, 2013, the deadline to complete fact discovery, TBE issued an amended notice of deposition adding eight additional areas of inquiry. That same day, TBE filed this Motion to Compel. Presumably, TBE intends for the court to compel Catlin to designate a corporate representative to testify to these additional matters as well.[2]

---

[1] If this were the entire story, the parties could have simply requested a brief extension of fact discovery to conduct this single deposition for the reasons set forth above.

[2] TBE represents to the court that "TBE amended the notice of Catlin's deposition to accommodate Ms. Santana." TBE does not, however, inform the court that this amended notice greatly expanded the matters to be covered.

Catlin objects to the inclusion of these additional areas. It explains that this would require the production of additional corporate representatives for these additional areas of inquiry, and it reflects an attempt by TBE to circumvent the discovery deadlines using the extenuating circumstances referenced above. The court agrees.

TBE properly and timely provided reasonable written notice of a 30(b)(6) deposition in March to cover the seven matters addressed in that notice. Catlin designated an individual to testify on its behalf. The parties have shown good cause to conduct this deposition outside the court-ordered discovery deadlines. The court will grant the Motion to Compel to the extent that the deposition of Catlin, through its representative, may proceed outside of the deadline for fact discovery. Catlin shall designate a representative to testify as to the matters set forth in the deposition notice provided in draft form on March 13, 2013 and in final form dated March 27, 2013 (rec. docs. 26-1 and 26-2).

To the extent that the Motion to Compel seeks an order compelling Catlin to designate a corporate representative to testify as to the matters contained in the amended notice dated April 1, 2013, that request will be denied. Rule 30(b) requires reasonable notice to be provided by a party who wants to take a deposition. The amended notice, dated April 1, 2013, was provided with only hours remaining to conduct fact discovery. It would have been impossible for Catlin to comply with this request within the discovery deadlines imposed by the court. TBE has not made a request to modify the discovery deadlines nor made a showing as to why it waited until the afternoon of the last day of discovery to include 8 additional matters to be covered. The court will not compel Catlin to do something it could not have done under the time frame previously established by the court.

*Motion to Compel the Production of SJB Insurance Policies Listing Other Clients as Additional Insured*

On March 28, 2013, following the Rule 30(b)(6) deposition of SJB, counsel for TBE requested that SJB supplement its document production with certain additional professional liability policies. This request was apparently made during a telephone conversation and then documented in an email (rec. doc. 25-11 at 2). TBE asserts that SJB supplemented its document production as agreed but that the production was incomplete. TBE is therefore requesting an order compelling SJB to produce "any and all certificates of insurance or professional liability/errors and omissions insurance policies covering SJB at any point between April 1, 2009 to December 2011 wherein SJB named another of its clients as an additional insured." (rec. doc. 25).

SJB objects to this aspect of the Motion to Compel for several reasons. Most importantly, however, is that SJB asserts that the requested documents do not exist. SJB represented to the court that "it had never named a client as an additional insured" and that the requested documents "do not and have never existed." (rec. doc. 26 at 10). SJB further represented that it has taken steps to investigate whether any such documents exist by contacting "its insurance agent from the relevant time period, which confirmed that SJB Group has never named a third-party client as an additional insured on its errors and omissions insurance policy." Id.

SJB also objects to the Motion to Compel the production of records on the grounds that it was not properly served with a formal discovery request pursuant to Rule 34 as required prior to seeking a remedy pursuant to Rule 37. The documents submitted to the court reflect an email exchange presumably following a phone conversation (rec. doc. 25-11).

Federal Rule of Civil Procedure 34 provides for the discovery of documents and tangible items.  A party seeking discovery must serve a request for production on the party believed to be in the possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b).[3]  A request for production must be served on the party to whom it is directed, as well as all other parties to the action, generally through the parties' attorney of record. Fed. R. Civ. P. 5.  Finally, "every discovery request . . . must be signed by at least one attorney of record in the attorney's own name", thereby making certain certifications regarding the appropriate nature of the request. Fed. R. Civ. P. 26(g)(1).  This certification is no mere formality - an improper certification can subject the signer to sanctions and parties have no duty to act on an unsigned request. Fed. R. Civ. P. 26(g)(2) and (3).

The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery.  Parties must comply with such requirements in order to resort to the provisions of Rule 37.  "It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party. Texas Democratic Party v. Dallas County, Texas, 2010 WL 5141352 (N.D. Tex. Dec. 9, 2010).  See also Ledbetter v. United States, 1996 WL 739036 at *2 (N.D. Tex. Dec. 18, 1996) ("[A] motion to compel pursuant to the enforcement provisions of [] Rule 37 clearly contemplates that the parties have relied on the formal discovery rules.").

---

[3] There is no question that a request made during a telephone conference fails to comply with the requirement that any such document request be made in writing.

Because SJB has conducted a diligent search for any documents responsive to the request and has confirmed that it has never so named a client as an insured and that the requested documents do not and have never existed, there is nothing for the court to compel. The court need not determine whether the substance of the email dated March 28, 2013, as well as whether it has been signed for purposes of Rule 26, satisfies the requirements of formal discovery so as to allow TBE to avail itself of the remedies under Rule 37.

For these reasons, the Motion to Compel the production of documents will be denied.

**IT IS ORDERED** that the defendant's Motion to Compel (rec. doc. 25) is hereby **GRANTED IN PART** and **DENIED IN PART**.

If not already done, Plaintiff Catlin shall make available a corporate representative to testify on its behalf as to the matters for examination identified in the March notice for deposition. All other grounds for the motion to compel are denied.

Each party shall bear its own costs incurred in connection with this motion.

Signed in Baton Rouge, Louisiana, on June 13, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**