UNITED STATES DISTRICT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SJB GROUP, LLC AND §<br>CATLIN INSURANCE COMPANY, INC. §<br>§<br>*Plaintiffs,* §<br>§<br>VS. §<br>§<br>TBE GROUP, INC. §<br>§<br>*Defendant* § | CIVIL ACTION NO. |

**MEMORANDUM IN SUPPORT OF DAUBERT MOTION IN LIMINE
TO EXCLUDE AND/OR LIMIT THE
<u>EXPERT TESTIMONY OF LOUIS G. FEY, JR.</u>**

**<u>EXHIBIT C</u>**

**1. Legal Conclusions/Interpretations of Contracts and/or Policy**

The following is a list of opinions contained in Mr. Fey's report that impermissibly reach legal conclusions based on his interpretation of the subject contracts and/or insurance policy, and, therefore, should be excluded.

> SJB was required to name James as an additional insured on SJB's GL, Umbrella, and Professional Liability policies. Fey Report, p. 17.

> SJB was required to provide $1,000,000 PL and $1,000,000 Umbrella coverage to James as an additional insured under those policies. *Id.*

> SJB was to provide $5000,000 GL coverage to James as an additional insured under its GL policy. *Id.*

> SJB was required to name TBE as an additional insured on SJB's GL, and Professional Liability policies. *Id.*, p. 18.

> SJB was required to provide $1,000,000 in GL and $1,000,000 in PL coverage to TBE as an additional insured under these policies. *Id.*

TBE was not named as an additional insured on SJB's PL policy as required by the project contracts. Therefore, SJB is in danger of being found by the court, to have breached the project contracts. *Id*.

Catlin is not entitled to pursue subrogation against TBE as such rights were waived prior to the loss, by SJB by way of the written project contracts. Catlin's policy recognizes SJB's ability to waive subrogation prior to any loss in a written agreement. *Id*.

As applied to Catlin's Professional Liability Insurance policy by the industry, additional insured protection would at a minimum trigger Catlin's duty to defend TBE for any claims arising out of SJB's operations, and for any liability imposed on TBE as a result of SJB's wrongful acts. *Id.*, p. 14.

2. **Unsupported Speculation**

The following is a list of opinions contained in Mr. Fey's report that are inadmissible because they are based solely on unsupported speculation.

> The addition of higher tiers such as James and TBE as additional insured to a lower tired professionals PL policy is common practice in the construction/insurance/risk management industry.
>
> Additional insured protection for a higher tier via a lower tier's Professional Liability policy is readily available in the market place.
>
> I can state with certainty, that had SJB come to me for insurance for this project, I could have provided AI coverage for TBE on SJB's Professional Liability policy in 2009.

3. **Legal Conclusions and Unsupported Speculation**

The following is a list of opinions contained in Mr. Fey's report that should be excluded because they impermissibly reach legal conclusions and are based solely on unsupported speculation.

> IF Catlin paid any amounts on behalf of TBE, it did so on its own behalf, not as TBE's insurer, and is therefore not entitled to recovery via subrogation. There was no release obtained by Catlin in exchange for the subrogation. There was no release obtained by Catlin in exchange for the settlement releasing TBE from liability. Catlin would be considered to be a voluntary payor by the industry.
>
> If Catlin made any payments on behalf of either TBE or SJB as an insured under the policy, it would not be entitled to subrogate against its own insured.