UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SJB GROUP, LLC, and
CATLIN INSURANCE CO., INC.,
    Plaintiffs,

CASE NO. 3:12-CV-181-SDD-RLB

vs.

TBE GROUP, INC.
    Defendant.

## RULING

Before the Court is Defendant, TBE Group Inc.'s ("TBE") *Daubert* Motion[1] seeking to exclude opinion testimony from Plaintiffs', SJB Group, LLC ("SJB") and Catlin Insurance Company, Inc. ("Catlin"), experts Joe Anderson and K. Vick. For the following reasons, TBE's motion is granted in part, and denied in part.

## FACTUAL BACKGROUND

This matter arises out of a Louisiana Department of Transportation and Development State Project No. 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 ("Project") that involved the widening of a 1.91 mile stretch of Interstate 12 between O'Neal Lane in East Baton Rouge Parish to Range Road in Livingston Parish.[2] Defendant TBE entered into a General Services Agreement[3] with James Construction Group, LLC ("James"), where TBE agreed to provide certain Subsurface Utility Engineering ("SUE"), specifically locating and identifying underground utilities such as water, sewer, and gas mains, fiber optic cables,

---

[1] Rec. Doc. 33. (captioned as "TBE Group, Inc.'s Motion to Exclude Plaintiffs' Expert Testimony").
[2] Rec. Doc. 1, p.2, ¶6.
[3] The General Services Agreement is dated April 2, 2009.

1

or telephone lines, that could impact the Project, and related services for the Project.[4] TBE was required to prepare and deliver a "Utility Design/SUE Report" and related deliverables to James.[5] TBE subcontracted Plaintiff SJB to provide certain surveying services in connection with TBE's SUE work for the Project, and to prepare and provide a utilities sketch to TBE showing the locations of various utilities according to markings and other information provided by TBE.[6]

Plaintiffs, SJB Group and Catlin Insurance Company, Inc., contend that TBE had a contractual obligation to perform QA/QC oversight of SJB's work.[7] On May 19, 2009, SJB allegedly submitted a "preliminary" utility sketch to TBE to review, approve, and/or request revisions.[8] TBE allegedly requested the final sketch from SJB on May 26, 2009 without requesting any changes to the preliminary document.[9] Ultimately, Plaintiffs alleged that TBE's failure to review the sketch and provide necessary quality assurance and quality control resulted in erroneous plans for bridge work on the Project, thereby causing a significant delay in the progress on the Project and additional costs to correct the errors (specifically relocate sewer force main).[10]

According to the Complaint, TBE proposed a Subcontract for Remedial Professional and Construction Services between TBE and SJB that would have made SJB responsible for all remedial relocation costs, including compensating TBE for "oversight" services.[11] SJB allegedly rejected the terms because it considered TBE to

---

[4] Rec. Doc. 1, pp. 2-3, ¶9. Plaintiffs attached a copy of the General Services Agreement to the Complaint.
[5] Rec. Doc. 1, p. 3, ¶14.
[6] Rec. Doc. 1, p. 3, ¶12.
[7] Rec. Doc. 1, p. 3, ¶13.
[8] Rec. Doc. 1, pp. 3-4, ¶16.
[9] Rec. Doc. 1, p. 4, ¶17.
[10] Rec. Doc. 1.
[11] Rec. Doc. 1, p. 5, ¶27.

2

be responsible at least in part for the ensuing problems.[12] In an effort to mitigate its damages and to avoid a claim by James, SJB and Catlin funded the remedial relocation work, and retained a local contractor to complete the work.[13] The remedial relocation work cost Catlin $492,984.28, while SJB contends it incurred additional "in-house" costs and expenses totaling $80,384.00.[14] On March 28, 2012, Plaintiffs filed this suit against TBE asserting claims for breach of contract, professional negligence, detrimental reliance and/or equitable estoppel, reimbursement, indemnity, contribution and/or subrogation, and in the alternative for unjust enrichment.

Subsequently, TBE filed a counterclaim against SJB alleging that SJB was contractually obliged to provide Professional Surveying Services by a Louisiana-licensed professional engineer and that "SJB was obligated to perform all surveying services, including QA/QC of the survey work".[15]

On June 21, 2013, TBE filed the pending motion seeking to exclude the testimony and joint report of Plaintiffs' experts, Joe Anderson and K. Vick, principally on the grounds that SJB's expert's opinions draw impermissible legal conclusions.[16] TBE also objects to opinion testimony from the two experts on the grounds that it is cumulative.[17] Notably, SJB's experts have not been challenged on their qualifications or methodology.

---

[12] Rec Doc. 1, p. 5, ¶¶ 28-29.
[13] Rec. Doc. 1, p. 6, ¶30.
[14] Rec. Doc. 1, pp. 5-6, ¶¶35-36.
[15] Rec. Doc. 15.
[16] Fed. R. Evid. 702.
[17] Fed. R. Evid. 403.

## LAW AND ANALYSIS

The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[18] In *Daubert v. Merrell Dow Pharmaceuticals* the United States Supreme Court acknowledged that Federal Rule of Evidence 702 "serves as the proper standard for determining the admissibility of expert testimony."[19] Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The trial court must "conduct preliminary fact-finding and to make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue.'"[20] The party seeking to admit an expert's testimony must demonstrate to the Court that "the expert's findings and conclusions are based on

---

[18] *Deville v. Comar Marine Corp., et al.*, 2009 WL 1870896, at *1 (citing *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999)(superseded by rule on other grounds)).
[19] *Diamond Offshore Co. v. Survival Systems Intern., Inc.*, 2013 WL 371648, at *2 (slip copy)(S.D.Tx. 2013).
[20] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, at 276 (5th Cir. 1998)(citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, at 597).

scientific method, and, therefore, are reliable. The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." [21]

TBE seeks to have Plaintiffs' expert report excluded. The authors of the report, Joe Anderson and K. Vick, are Plaintiffs' expert witnesses who will be called to testify at trial. The written report itself is hearsay. The report is not a business record under Rule 803(6). It is not a record of events made at or near the time of the event, involving regularly conducted business activity. The report is not a public record under Rule 803(8).[2] Finally, the report is inadmissible as a basis for the experts' opinions. The report is their opinion.[22] Therefore, to the extent that TBE's motion seeks to exclude the proffered experts' report is granted.

TBE's objection to the experts' trial testimony as cumulative is denied and referred to the merits. However, TBE may re-urge its cumulative objection at trial.

TBE's motion to exclude opinion testimony which makes legal conclusions is granted. "Courts may not look outside the contract's four corners 'in search of the parties' intent' when 'the words of a contract are clear and explicit and lead to no absurd consequences.'"[23] "When a contract can be construed within its four corners, interpretation of the contract presents a question of law . . . ."[24] Accordingly, Plaintiffs' experts' opinions as to the interpretation of the contract and the intention of the parties to the contract shall be excluded as they are legal conclusions. Nor may experts, Anderson and Vick, offer any testimony or give any opinion as to the parties' rights or

---

[21] *Id.* at 276. See also, *Diamond Offshore Co. v. Survival Systems Intern., Inc.*, 2013 WL 371648, at *2 (slip copy)(S.D.Tx. 2013).
[22] [3] *Ake v. Gen. Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996)
[23] *Greenwood 950, L.L.C. v. Chesapeake Louisiana, L.P.*, 683 F.3d 666, at 668 (5th Cir. 2012)(citing La. Civ. Code Ann. art. 2046).
[24] *Id.*
5

Case 3:12-cv-00181-SDD-RLB   Document 69   08/13/13   Page 5 of 6

responsibilities under the contract at issue, the interpretation of the contract, or the intent of the contracting parties.

However, TBE's motion is denied in part to the extent that Plaintiffs experts' opinion as to the standard of care applicable to SUE providers is admissible as to SJB's professional negligence claim.

**CONCLUSION**

Accordingly, Defendant, TBE Group Inc.'s *Daubert* Motion is GRANTED IN PART and DENIED IN PART. [25] TBE's motion is granted as to the exclusion of the joint report prepared by Joe Anderson and K. Vick. TBE's motion is also granted whereby Plaintiffs' experts, Anderson and Vick, may not offer any testimony or give any opinion as to the parties' rights or responsibilities under the contract at issue, the interpretation of the contract, or the intent of the contracting parties. TBE's motion is DENIED and REFERRED TO THE MERITS to the extent that the experts' testimony is cumulative; however, TBE may re-urge this motion at trial. TBE's motion is also denied to the extent that Plaintiffs' experts' opinions as to the standard of care applicable to SUE providers shall not be excluded.

Baton Rouge, Louisiana, this ___12th___ day of August, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[25] Rec. Doc. 33.