# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SJB GROUP, LLC AND
CATLIN INSURANCE CO., INC.                    CIVIL ACTION

VERSUS

                                              NO. 12-181-SDD-RLB
TBE GROUP, INC.

## RULING

Before the Court is Plaintiffs', SJB Group LLC ("SJB") and Catlin Insurance Company, Inc. ("Catlin"), *Daubert* Motion[1] seeking to exclude opinion testimony from Defendant TBE Group Inc.'s ("TBE") expert Tom Iseley, Ph.D., P.E. Plaintiffs' Motion is DENIED for the following reasons.

The factual background of this case has been previously set out in the Court's *Ruling* on TBE's *Daubert* Motion with respect to SJB's proffered expert, Louis G. Fey, Jr.[2] In the present Motion, Plaintiffs move to exclude Dr. Iseley on the grounds that he lacks the "knowledge, skill, experience, training, or education."[3] Plaintiffs argue that the discipline of Subsurface Utility Engineering (SUE) is a specific sub-discipline of Professional Engineering and that Dr. Iseley lacks the requisite "knowledge, skill, experience, training, or education" to provide opinion testimony in this particular field.

---

[1] Rec. Doc. 29.
[2] Rec. Doc. 74.
[3] Rec. Doc. 29, p. 3. Fed. R. Evid. 702. Plaintiffs only challenge Iseley's qualifications. Plaintiffs do not assert that Iseley's opinion would not assist the fact-finder (Rule 702(a)), or that his opinion is based on insufficient facts or data (Rule 702(b)), or that his opinion is not based on reliable principles or methods (Rule 702(c)), or that he has not reliably applied the principles or methods to the facts of this case (Rule 702(d)).

Plaintiffs try to draw a distinction between expertise in "trenchless technology", which they concede Dr. Iseley possesses, and SUE, which Plaintiffs argue Iseley does not possess.

Plaintiffs further concede that TBE was "required to perform its subsurface utility engineering services on the project in accordance with ASCE 38-02."[4] TBE argues that Dr. Iseley "wrote the book" on ASCE 38-02 in support of its contention that Dr. Iseley is qualified to give an opinion "on the applicability of ASCE 38-02 to the work performed by TBE and SJB, and whether TBE complied with the standard of care relevant to its work."[5]

After reviewing Dr. Iseley's CV and deposition testimony, the Court finds that Dr. Iseley is qualified by knowledge and education to give an opinion on ASCE 38-02 and the standard of care required thereunder. According to his CV and testimony, Dr. Iseley served on an ASCE Codes and Standards Council committee which had as its "deliverable"[6] the ASCE 38-02 standard which is at issue in this case. Additionally, Dr. Iseley served on a topic panel which developed a practice synthesis for "Subsurface Utility Engineering Information Management for Airports."[7] Even if Dr. Iseley has limited hands on experience in SUE, his practical experience goes to the weight to be given to his testimony and not its admissibility.[8] An expert may be qualified "on any of the five bases listed" in Rule 702 of the Federal Rules of Evidence: "knowledge, skill, experience, training, *or* education."[9] "A witness, therefore, can qualify as an expert

---

[4] Rec. Doc. 29-1, p. 7.
[5] Rec. Doc. 51-3, pp.1 and 3.
[6] Tom Iseley, Ph.D., P.E., Report and Qualifications, Rec. Doc. 29-2, p. 3..
[7] *Id.*
[8] *United States v. Wen Chyu Liu*, 716 F.3d 159, 168-69 (5th Cir. 2013).
[9] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 176 (5th Cir. 1990), (emphasis original), reversed on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

even though he lacks practical experience, provided that he has received suitable training or education or has otherwise gained the requisite knowledge or skill."[10]

For these reasons, the Court Denies Plaintiffs', SJB Group LLC and Catlin Insurance Company, Inc., *Motion to Exclude the Expert Testimony of Tom Iseley, Ph.D., P.E.*[11]

Baton Rouge, Louisiana, this 21 day of August, 2013.

_Shelly Dick_
_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] *Id.* at 176-77; *Wen Chyu Liu*, 716 F.3d at 168; *Mississippi Phosphates Corp. v. Analytic Stress Relieving, Inc.*, 402 Fed. Appx. 866, at 872 (5th Cir. 2010) (holding that an expert with "limited 'practical hands-on experience'" was nonetheless qualified on the basis of his education and related experience).
[11] Rec. Doc. 29.