# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SJB GROUP, LLC AND
CATLIN INSURANCE CO., INC.

CIVIL ACTION

VERSUS

NO. 12-181-SDD-RLB

TBE GROUP, INC.

## RULING

Before the Court is TBE Group Inc.'s ("TBE") *Motion for Partial Reconsideration*[1] of this Court's *Ruling*[2] excluding Louis G. Fey ("Fey") from offering opinion testimony at trial. TBE argues that Fey should be permitted to give opinion testimony regarding: (1) whether SJB could have obtained additional insured coverage, and (2) insurance industry standards and customs regarding waivers of subrogation. TBE argues that, but for SJB's failure to name TBE as an additional insured, SJB's insurer, Catlin Insurance Co., Inc. ("Catlin"), would have been barred from seeking recovery of payments it made to rectify the Subsurface Utility Engineering ("SUE") issues discovered in the field. The issue of whether Catlin has rights in subrogation or for reimbursement is the subject of pending dispositive Motions.

TBE argues that "the dispositive question is whether SJB could have and should have named TBE as an additional insured".[3] Whether SJB was obliged to name TBE as an additional insured is a matter of contract. Expert testimony on issues of contractual interpretation is inappropriate. *DP Concrete Prods., LLC v. Am. Spring Wire*

---

[1] Rec. Doc. 85.
[2] Rec. Doc. 74.
[3] Rec. Doc. 85-1, p 3.

1

*Corp.*, 2010 U.S. Dist. LEXIS 5727, * 3–4, 2010 WL 322739 (W.D.La. Jan. 25, 2010). "With respect to expert testimony on contracts, in particular, federal courts have been clear that expert testimony is generally not permitted to interpret the terms of a contract or the legal effect of a contract. *Vanderbilt Mortgage & Fin., Inc. v. Flores,* CIV.A. C-09-312, 2010 WL 4595592 (S.D. Tex. Nov. 1, 2010), *citing, Marx & Co., v. Diners' Club, Inc.,* 550 F.2d 505, 509–510 (2d Cir.1977).

The Court declines to reconsider its earlier *Ruling* excluding opinion testimony from Louis G. Fey. Opinion testimony regarding the interpretation of the contract is inappropriate inasmuch as the contract is the law between the parties and, thus, the issue of contractual interpretation is a matter of law. Furthermore, whether SJB and Catlin's claims arise in subrogation or reimbursement, and whether Catlin waived same, are also questions of law. Hence, Fey's opinions concerning "insurance industry standards and customs regarding waivers of subrogation" are of no use to the trier of fact. Accordingly, TBE's *Motion for Reconsideration* is DENIED.

Signed in Baton Rouge, Louisiana, on September 23, 2013.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2